**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| OLVER JOSEPH<br>7715 Woolston Ave.<br>Philadelphia, PA 19150<br><br>Plaintiff,<br>v.<br><br>CLEMENS FOOD GROUP, LLC<br>2700 Clemens Road<br>Hatfield, PA 19440<br><br>Defendant. | CIVIL ACTION<br><br>No.:<br><br>**JURY TRIAL DEMANDED** |

**CIVIL ACTION COMPLAINT**

Plaintiff, Olver Joseph (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

**INTRODUCTION**

1. Plaintiff has initiated this action to redress violations by Clemens Food Group, LLC (hereinafter referred to as "Defendant") of the Americans with Disabilities Act, as amended ("ADA" - 42 U.S.C. §§ 12101 *et. seq*.), the Family and Medical Leave Act ("FMLA" – 29 U.S.C. § 2601 et. seq.), and the Pennsylvania Human Relations Act ("PHRA"). Plaintiff was unlawfully terminated by Defendant, and he suffered damages more fully described/sought herein.

**JURISDICTION AND VENUE**

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3. This Court may properly assert personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945), and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

5. Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff has properly exhausted his administrative proceedings before initiating this action by timely filing his Charge with the EEOC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

6. Plaintiff has properly exhausted his administrative remedies regarding his PHRA and PFPO claims by dual-filing his Charge of Discrimination with the Pennsylvania Human Relations Commission ("PHRC") and by waiting at least one year since the filing before asserting her PHRA and PFPO claims.

**PARTIES**

7. The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

8. Plaintiff is an adult who resides at the above-captioned address.

9. Clemens Food Group, LLC, is a manufacturer and supplier of fresh and manufactured quality pork products, with a facility at the above-captioned address. Plaintiff was hired through and worked from this address.

10. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

11. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12. Plaintiff was employed by Defendant as a Packer for approximately 1.5 years, from on or about December 21, 2023, until his unlawful termination (discussed further *infra*) on or about February 11, 2025.

13. At the time of Plaintiff's termination, he was primarily supervised by Supervisor, Jesus Hiraldo Valenzuela (hereinafter "Valenzuela").

14. Throughout Plaintiff's employment with Defendant, he was a hard-working employee who performed his job well.

15. Plaintiff has and continues to suffer from several ADA-qualifying disabilities, including but not limited to HIV, adjustment disorder (with depressed mood), and anemia (among other conditions/complications).

16. As a result of these aforesaid health conditions, Plaintiff has a weakened immunity that makes him susceptible to other conditions/complication.

17. Plaintiff sometimes suffers from pain, muscle weakness, and feelings of hopelessness, which (at times) limits his ability to perform some daily life activities.

18. Despite Plaintiff's aforementioned health conditions and limitations, he was able to perform his job duties well; however, he at times required some reasonable medical accommodations.

19. For example, after being newly diagnosed with HIV in or about late 2024, Plaintiff contracted tuberculosis and a fungal infection and was hospitalized at Penn Medicine from on or about November 1, 2024, to or about November 13, 2024 (a reasonable accommodation under the ADA).

20. During Plaintiff's aforementioned brief medical leave, he was in constant contact with Defendant's Human Resources ("HR") and management, even providing Defendant with a note from Penn Medicine documenting his hospitalization, and stating that he "would have to undergo isolation and social distance until precautions are relieved by the department of health" (due to the contagious nature of the tuberculosis). The note further provided that Plaintiff would be returning to work following a brief period of isolation.

21. However, Plaintiff was only home for about 5 days isolating, when his aforesaid serious health conditions took a serious turn, and he was forced to go to the Jefferson Abington Emergency Room, wherein he was admitted and remained in the hospital in very serious condition until on or about February 12, 2025 (both ADA- and FMLA-qualifying medical leave).

22. Throughout Plaintiff's approximately two-month hospital stay, he or his family members were in close contact with HR regarding the nature of his conditions and expected return to work following his recovery.

23. Nonetheless, and despite that Plaintiff was hospitalized and extremely ill, Defendant's management began to harass him about completing FMLA paperwork as soon as possible, despite that the hospital physicians were regularly providing notes to Defendant, first by Penn Medicine on or about November 13, 2024, and then by Jefferson Health on or about January 24, 2025, indicating that Plaintiff was still hospitalized.

24. Plaintiff was doing his best to provide Defendant with everything that they required including doctors' notes and documentation, not fully understanding what was required to be completed by his physicians regarding his FMLA, which Defendant did not fully explain to him so that he understood.

25. It was Plaintiff's understanding that his primary physician needed to complete the paperwork following his hospitalization, which he explained to HR, more specifically HR Business Partner, Marilyn Garcia (hereinafter "Garcia").

26. At no time during his conversation with Defendant or HR was Plaintiff advised that he would be terminated for not providing his documentation prior to his discharge – while hospitalized with serious complications that had department of health implications.

27. Nonetheless, Plaintiff advised Defendant that he was due to be released on or about February 12, 2025, after which he would reach out to his primary physician for clearance and completed FMLA documentation.

28. Immediately upon his discharge on February 12, 2025, Plaintiff made an appointment to see his family doctor to have him complete the necessary FMLA documentation, which upon information and belief, the doctor faxed to Defendant on or about February 13, 2025, just one day after Plaintiff's release from the hospital.

29. In the paperwork provided by his doctor on or about February 13, 2025, Plaintiff's doctor indicated that he was released to full duty work on or about February 25, 2025 (requiring only that he be permitted to take period breaks as needed to take medication) and following clearance from the department of health that he was not contagious, which Plaintiff obtained on or about February 19, 2025.

30. Plaintiff went to Defendant's facility to provide this paperwork in person, but his badge did not work to enter the facility, despite that he had been in contact with Defendant about his return.

31. The following day, Plaintiff then received a letter from Defendant dated February 26, 2025, but stating that he had been terminated form Defendant effective February 11, 2025, even though Plaintiff's doctor had provided the documentation requested by Defendant on or about February 13, 2025.

32. Plaintiff had been in constant contact with Defendant and HR throughout a very serious medical emergency and hospitalization providing everything that he could during his incapacity.

33. However, instead of providing Plaintiff with the brief accommodation of additional time to provide his FMLA and/or medical leave documentation from his primary doctor after his release from the hospital – which Plaintiff was able to obtain just one day later, he was abruptly terminated by Defendant while out on ADA- and FMLA-qualifying medical leave.

34. There is no doubt that Plaintiff was discriminatorily and retaliatorily terminated as a result of his health conditions and requested accommodations (set forth *supra*).

35. Plaintiff believes and therefore avers that he was subjected to discrimination, retaliation, and ultimately terminated because of: (1) his known and/or perceived health problems; (2) his record of impairment; (3) his requested accommodations; and (4) Defendant's failure to properly accommodate his health conditions (discussed *supra*).

36. Plaintiff also believes and therefore avers that his actual/perceived/record of health conditions was a motivating and/or determinative factor in the termination of his employment with Defendant.

**COUNT I**
**Violations of the Americans with Disabilities Act, as Amended ("ADA")**
**(1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; and [3] Failure to Accommodate)**

37. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

38. Plaintiff suffered from qualifying health conditions under the ADA which affected his ability (at times) to perform some daily life activities.

39. Despite Plaintiff's aforementioned health conditions and limitations, he was still able to perform the duties of his job well with Defendant, however, Plaintiff did require reasonable medical accommodations at times.

40. Plaintiff kept Defendant informed of his serious medical conditions and need for medical treatment and other accommodations.

41. Plaintiff requested reasonable accommodations from Defendant, including but not limited to intermittent and/or block time off from work for doctors' appointments, hospitalization, and to care for and treat his disabilities.

42. However, instead of properly accommodating Plaintiff's health conditions, Defendant terminated Plaintiff, on or about February 11, 2025, in close temporal proximity to requesting/utilizing accommodations for his health conditions and while still out on medical leave.

43. Prior to Plaintiff's termination, Defendant failed to properly accommodate Plaintiff by failing to provide Plaintiff with the brief accommodation of additional time to provide his FMLA and/or medical leave documentation from his primary doctor after his release from the hospital and by terminating him while still out on a medical leave of absence.

44. Plaintiff believes and therefore avers that he was subjected to discrimination, retaliation, and ultimately terminated because of: (1) his known and/or perceived health problems;

(2) his record of impairment; (3) his requested accommodations; and (4) Defendant's failure to properly accommodate his health conditions (discussed *supra*).

45. Plaintiff also believes and therefore avers that his actual/perceived/record of health conditions was a motivating and/or determinative factor in the termination of his employment with Defendant.

46. Defendant's actions as aforesaid constitute violations of the ADA.

**COUNT II**
**Violations of the Family and Medical Leave Act ("FMLA")**
**(Retaliation & Interference)**

47. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

48. Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

49. Plaintiff requested leave for medical reasons from Defendant, his employer, with whom he had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

50. Plaintiff had at least 1,250 hours of service with Defendant during his last full year of employment.

51. Defendant is engaged in an industry affecting commerce and employed at least fifty (50) or more employees within 75 miles of the location where Plaintiff worked for Defendant for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

52. Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

53. Plaintiff requested FMLA-qualifying leave to care for and treat his aforesaid health conditions prior to his termination.

54. Defendant committed interference and retaliation violations of the FMLA by: (1) terminating Plaintiff for requesting and/or exercising his FMLA rights and/or for taking FMLA-qualifying leave; (2) considering Plaintiff's FMLA leave needs in making the decision to terminate him; (3) terminating Plaintiff to intimidate him and/or prevent him from taking FMLA-qualifying leave in the future; and (4) making negative comments and/or taking actions towards him that would dissuade a reasonable person from exercising his rights under the FMLA.

55. These actions as aforesaid constitute violations of the FMLA.

**COUNT III**
**Violations of the Pennsylvania Human Relations Act ("PHRA")**
**(1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; and [3] Failure to Accommodate)**

56. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

57. Plaintiff properly exhausted his administrative remedies regarding his PHRA claims because he timely filed a charge of discrimination with the PHRC (by dual-filing his claims with the EEOC) and the charge has been pending for at least one year.

58. The aforesaid allegations also constitute violations of the PHRA. Thus, Plaintiff's PHRA claims mirror the claims as set forth in her previous claims.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's

illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

C. Plaintiff is to be awarded punitive and/or liquidated damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress/pain and suffering);

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorneys' fees as provided by applicable federal and state law; and

F. Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: ______________________

Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
215-639-0801 (P)
215-639-4970 (F)
akarpf@karpf-law.com

Dated: November 25, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Olver Joseph | : | CIVIL ACTION |
| v. | : | |
| Clemens Food Group, LLC | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (x )

| 11/25/2026 | [signature] | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Defendants place of business

***RELATED CASE IF ANY:*** Case Number:__________ Judge:__________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

*A.* ***Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☒ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:__________

**B.** ***Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):__________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*__________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

[X] Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

[ ] None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

JOSEPH, OLVER

**(b)** County of Residence of First Listed Plaintiff: Philadelphia

*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

**DEFENDANTS**

CLEMENS FOOD GROUP, LLC

County of Residence of First Listed Defendant: Montgomery

*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)* Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [X] 445 Amer. w/Disabilities - mployment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

**V. ORIGIN** *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***: ADA (42USC12101); FMLA (29USC2601)

Brief description of cause: Violations of the ADA, FMLA and the PHRA.

**VII. REQUESTED IN COMPLAINT:** [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P. **DEMAND $**

CHECK YES only if demanded in complaint: **JURY DEMAND:** [X] Yes [ ] No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE 11/25/2026 SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______